UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM WEITSMAN; UPSTATE SHREDDING, LLC, a New York limited liability company; WEITSMAN SHREDDING, LLC, a New York limited liability company; and WEITSMAN RECYCLING, LLC, a New York limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT ARTHUR LEVESQUE, III,<br><br>Defendant. | Case No.: 19-CV-461 JLS (AHG)<br><br>**ORDER (1) VACATING HEARING ON PLAINTIFFS' CONTEMPT MOTION PENDING DEFENDANT'S ELECTION REGARDING COUNSEL AND (2) DIRECTING DEFENDANT TO MAKE ELECTION REGARDING COUNSEL**<br><br>(ECF No. 113) |

Presently before the Court is Plaintiffs Adam Weitsman; Upstate Shredding, LLC; Weitsman Shredding, LLC; and Weitsman Recycling, LLC's (collectively, "Plaintiffs") Motion for Order to Show Cause Regarding Contempt Against Defendant, and for Order Imposing Sanctions ("Mot.," ECF No. 113). The Motion presently is set for a hearing at 3:00 p.m. on April 21, 2022.

In light of the fact that Plaintiffs seek, among other sanctions, the issuance of a bench warrant for Defendant Robert Arthur Levesque, III's ("Defendant") arrest, *see* Mot. at 9–11, the Court has concerns about the fact that Defendant presently is unrepresented by

counsel. *See, e.g., In re Di Bella*, 518 F.2d 955, 959 (2d Cir. 1975) ("[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he is represented by counsel at his trial. The Circuits with an opportunity to do so have concluded that this right must be extended to a contempt proceeding, be it civil or criminal, where the defendant is faced with the prospect of imprisonment.") (citations omitted); *In re Grand Jury Proc.*, 468 F.2d 1368, 1369 (9th Cir. 1972) ("[A]n indigent witness is entitled to appointed counsel in [a contempt proceeding]. Threat of imprisonment is the coercion that makes a civil contempt proceeding effective. The civil label does not obscure its penal nature."), *abrogated on other grounds by Turner v. Rogers*, 564 U.S. 431 (2011).

Given the gravity of the sanctions sought in the contempt proceeding, the Court takes this opportunity to inform Defendant of his right to be represented by counsel at the contempt proceeding and, if he is indigent, his right to appointed counsel. <u>On or before May 13, 2022</u>, Defendant **SHALL FILE** either:

i. a Notice of Appearance indicating that counsel of Defendant's choice is appearing on his behalf at Defendant's own expense;

ii. an application to proceed *in forma pauperis* (in substantially the form available at https://www.casd.uscourts.gov/_assets/pdf/forms/AO239_Application%20to%20Proceed%20Without%20Prepayment.pdf) <u>and</u> a motion requesting appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1); *or*

iii. a statement indicating that Defendant understands that the contempt proceedings could result in a loss of his liberty, but that Defendant affirmatively chooses to proceed with the contempt proceedings without the assistance of counsel.

///
///
///
///
///

In light of the foregoing, the Court **VACATES** the April 21, 2022 hearing on Plaintiffs' Motion. Once the Court has resolved the issue of Defendant's representation, the Court will reset Plaintiffs' Motion for a hearing.

**IT IS SO ORDERED.**

Dated: April 12, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge