UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM WEITSMAN, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ROBERT ARTHUR LEVESQUE, III,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:19-cv-00461-JLS-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION FOR JUDGMENT DEBTOR EXAM,**<br><br>**(2) GRANTING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL, and**<br><br>**(3) DENYING AS MOOT DEFENDANT'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF Nos. 125, 126, 127]** |

Before the Court are Plaintiffs Adam Weitsman, Upstate Shredding, LLC, Weitsman Shredding, LLC, and Weitsman Recycling, LLC's (collectively, "Plaintiffs") Motion for Judgment Debtor Exam (ECF No. 125), Defendant Robert Arthur Levesque III's ("Defendant") Motion for Appointment of Counsel (ECF No. 127), and Defendant's Motion for Leave to Proceed *in forma pauperis* ("IFP") (ECF No. 126). The Court will address each in turn.

## I. PLAINTIFFS' MOTION FOR JUDGMENT DEBTOR EXAM

On November 20, 2020, the Court entered judgment against Defendant. ECF Nos. 109, 110. On June 22, 2022, a Writ of Execution was entered against Defendant, totaling $1,001,684.04. ECF Nos. 131, 132. "A money judgment is enforced by a writ of execution, unless the court directs otherwise.… In aid of the judgment or execution, the judgment creditor … may obtain discovery from any person—including the judgment debtor[.]" FED. R. CIV. P. 69(a)(1)–(2). The procedures for executing on a judgment and obtaining discovery from a judgment debtor are governed by the "procedure of the state where the court is located." *Id*. Here, the California Code of Civil Procedure authorizes a judgment creditor to apply for an order requiring the judgment debtor to appear before the Court to furnish information to aid in the enforcement of a money judgment. CAL. CODE CIV. PROC. § 708.110(a). Upon consideration of the motion and the written submissions before the Court, the Plaintiff's Motion for Judgment Debtor Exam (ECF No. 125) is **GRANTED**.

No later than **August 1, 2022**, Defendant shall produce to Plaintiffs' counsel, Raeesabbas Mohamed, 8283 N. Hayden Road, Suite 229, Scottsdale AZ 85258, raees@rmwarnerlaw.com, all documents responsive to the requests Nos. 1–14 in Exhibit A of Plaintiffs' Application for Judgment Debtor Exam (ECF No. 125-1).

Defendant shall appear for a judgment debtor examination to furnish information to aid in enforcement of a money judgment by answering questions about his property, receivables, and assets on **August 4, 2022** at **9:30 a.m.** before Magistrate Judge Allison H. Goddard in **Courtroom 3B**,[1] located on the third floor of the Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, California 92101. *The Court will swear in Defendant at 9:30 a.m. in Courtroom 3B, and then the parties shall proceed with the judgment debtor examination in the Court's fifth floor conference room 5180, or other mutually acceptable location.* Pursuant to CAL. CODE CIV. PROC. §

---

[1] The courtroom number is subject to change. Court staff will alert the parties of any change in courtroom ahead of the judgment debtor exam.

708.110(e), the Court reiterates: **NOTICE TO JUDGMENT DEBTOR. IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEY'S FEES INCURRED BY THE JUDGMENT CREDITOR IN THIS PROCEEDING.**

Plaintiffs are instructed to re-serve their debtor exam application (ECF No. 125), Exhibit A (ECF No. 125-1), and this Order on Defendant no later than **July 15, 2022**, and on Defendant's counsel (*see infra.* sec. II) no later than **July 25, 2022**.

## II.     DEFENDANT'S MOTION TO APPOINT COUNSEL

Since Plaintiffs seek, among other sanctions, the issuance of a bench warrant for Defendant's arrest (*see* ECF No. 113 at 9–11), the Court expressed "concerns about the fact that Defendant presently is unrepresented by counsel." ECF No. 120 at 1–2; *see, e.g.*, *In re Di Bella*, 518 F.2d 955, 959 (2d Cir. 1975) ("[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he is represented by counsel at his trial. The Circuits with an opportunity to do so have concluded that this right must be extended to a contempt proceeding, be it civil or criminal, where the defendant is faced with the prospect of imprisonment.") (citations omitted); *In re Grand Jury Proc.*, 468 F.2d 1368, 1369 (9th Cir. 1972) ("[A]n indigent witness is entitled to appointed counsel in [a contempt proceeding]. Threat of imprisonment is the coercion that makes a civil contempt proceeding effective. The civil label does not obscure its penal nature."). Thus, the Court required Defendant to file either (a) a notice of appearance of retained counsel, (b) an application to proceed IFP and a motion requesting appointment of counsel, or (c) a statement affirming that he chooses to proceed without counsel. ECF No. 120 at 2. Defendant complied with the Court's Order and timely filed his IFP motion and motion for appointment of counsel. ECF Nos. 126, 127; *see also* ECF No. 122 (extending deadline for Defendant to make his election regarding counsel).

The Criminal Justice Act ("CJA") provides that the court has discretion to appoint counsel for financially eligible individuals where "the court determines that the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2). The court's discretionary authority has been further defined by the CJA Guidelines and this district's CJA Plan, which explain that "counsel may be appointed under the CJA for a person charged with civil or criminal contempt who faces loss of liberty." UNITED STATES COURTS, GUIDE TO JUDICIARY POLICY, *Guidelines for Administering the Criminal Justice Act and Related Statutes*, Vol. 7A, Ch. 2, at § 210.20.20, https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-210-representation-under-cja (last visited June 30, 2022) (hereinafter "CJA Guidelines"); *see also* S.D. CAL. GENERAL ORDER NO. 499-F, *Criminal Justice Act Plan*, at ¶ VII(A)(2)(c), https://www.casd.uscourts.gov/_assets/pdf/rules/General%20Order%20499-F.pdf (July 15, 2020) (hereinafter "GO 499-F") ("Whenever a district judge or magistrate judge determines that the interests of justice so require, representation may be provided for any financially eligible person who: … is charged with civil or criminal contempt and faces loss of liberty").

As with pro bono counsel appointed under 28 U.S.C. § 1915,[2] appointment of CJA counsel requires litigants to be financially eligible. *See* 18 U.S.C. § 3006A(a); CJA Guidelines § 110.30(b); GO 499-F ¶ VII(D)(2)–(6). A person is considered financially eligible if his "net financial resources and income are insufficient to obtain qualified counsel." CJA Guidelines § 210.40.30(a); *see also* GO 499-F ¶ VII(D)(2)–(3) ("consideration should be given to the cost of providing the person and his [] dependents with the necessities of life, the cost of securing pretrial release, asset encumbrance, and the likely cost of retained counsel"). Though this district's CJA Plan notes that "[r]elevant information bearing on the person's financial eligibility should be reflected on a financial

---

[2] The Court has considered § 1915(e) and this district's General Order 596 regarding the *Pro Se* Panel, and finds that the CJA is most applicable to the instant case.

eligibility affidavit approved by the Court (Form CJA-23)," *see* GO 499-F ¶ VII(D)(6), the CJA-23 Form is not mandatory. ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, *CJA 23 Financial Affidavit Form*, at 4–5, https://www.casd.uscourts.gov/_assets/pdf/forms/Financial%20Affidavit.pdf (Mar. 29, 2021) (hereinafter "CJA-23 Form") ("The CJA Form 23 is not a required statutory form. It is an administrative tool used to assist the court in appointing counsel."). Though the Court recognizes that, "[w]hile courts often use 'indigency' as a shorthand expression to describe financial eligibility, indigency is not the standard for appointing counsel under the Criminal Justice Act[,]" the Court finds that this district's IFP Form is also sufficient in lieu of the CJA-23 Form to "determine[e] whether a person is 'financially unable to obtain counsel,' [and] consider[] [the cost of providing] the necessities of life, the cost of securing pretrial release, asset encumbrance, and the likely cost of retained counsel." CJA-23 Form at 4.

Here, the Court "advise[d] [Defendant] that he [] has a right to be represented by counsel … if so desired … if he [] is financially unable to obtain counsel." GO 499-F ¶ VII(D)(1); ECF No. 120 at 1–2. Defendant then "humbly ask[ed] the Court to provide [him] with a court-appointed attorney to represent [him] in the contempt proceedings because of [his] indigency." ECF No. 127 at 2. Defendant states in his financial affidavit that he receives $2,400.00 per month in wages and $152.00 per month in disability payments. ECF No. 126 at 2. His expected monthly income barely covers his $2,280.00 in monthly expenses for rent, utilities, food, laundry, and recreation. *Id*. at 3–5. He has $296.00 in his checking account and no other source of income or valuable assets. *Id*. at 1–5. Considering the information in the affidavit, the Court finds that Defendant has sufficiently shown a financial inability to obtain counsel.

Therefore, in the Court's discretion, the Court **GRANTS** Defendant's Motion for Appointment of Counsel (ECF No. 127). The Court **APPOINTS Jeremy Warren**, SBN 177900, of Warren & Burstein, 501 West Broadway, Suite 240, San Diego, California 92101, (619) 234-4433, as CJA counsel for Defendant regarding his contempt

proceedings[3] and the related judgment debtor exam[4] in this case.

Pursuant to this district's Civil Local Rule 83.3(f)(2), CJA Counsel shall file, **no later than July 22, 2022**, a formal written Notice of Substitution of Attorney signed by both Defendant and his newly appointed counsel. Such substitution will be considered approved by the Court upon its filing, and CJA Counsel will thereafter be considered attorney of record for Defendant for all purposes *regarding the contempt proceedings and judgment debtor exam in this matter only*.[5] *See* CivLR 83.3(f)(1)–(2).

The Court further **DIRECTS** the Clerk of the Court to serve Mr. Warren with a copy of this Order at the address listed above upon filing.

//

//

//

---

[3] *See* CJA Guidelines § 210.20.20 ("counsel may be appointed under the CJA for a person charged with civil or criminal contempt who faces loss of liberty").

[4] The Court finds that the judgment debtor exam is sufficiently related to the contempt proceedings, and therefore the interests of justice require counsel as well. CJA Guidelines § 210.20.30(a)–(b) (stating that representation may be appointed for ancillary matters, explaining that "[i]n determining whether a matter is ancillary to the proceedings, the court should consider whether the matter, or the issues of law or fact in the matter, arose from, or are the same as or closely related to, the facts and circumstances surrounding the principal criminal charge").

[5] Defendant "is cautioned, however, that the Court's [CJA] Panel is a precious and limited resource. The fact that the Court has found this case suitable for appointment at this stage of the proceedings, and has been able to solicit the assistance of an available volunteer attorney, does not entitle him to the appointment of counsel in this or any other case. Nor does it permit [Defendant] an attorney of his choosing, or guarantee him any subsequent [CJA] Panel referral or appointment." *Arellano v. Hodge*, No. 14cv590-JLS-JLB, 2021 WL 5326470, at *1 n.1 (S.D. Cal. Nov. 16, 2021); *see Hedges v. Resolution Trust Corp*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted); *United States ex rel Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (noting that the appointment of counsel in a civil case "is a privilege and not a right.").

### III. DEFENDANT'S MOTION FOR LEAVE TO PROCEED IFP

The Court finds that the financial affidavit comprising Defendant's IFP motion served as a basis for determining financial eligibility for appointment of CJA counsel. ECF No. 126 at 5 (IFP motion, stating that "I can't afford $350.00 an hour for justice in the legal industry"); ECF No. 127 at 2 (motion for appointment of counsel, stating that "I humbly ask the Court to provide myself with a court-appointed attorney to represent myself in the contempt proceedings because of my indigency"); *see also* ECF No. 120 at 2 (requiring Defendant to submit a motion seeking appointment of counsel and an application to proceed IFP together as a means to request counsel). Therefore, since the Court has appointed CJA counsel for Defendant, his IFP motion is moot.

As such, Defendant's Motion to Proceed IFP (ECF No. 126) is **DENIED AS MOOT**.

### IV. CONCLUSION

For the reasons set forth above, the Court **ORDERS** the following:

1. Plaintiff's Motion for Judgment Debtor Exam (ECF No. 125) is **GRANTED**.

   A. No later than **August 1, 2022**, Defendant shall produce to Plaintiffs' counsel all documents responsive to the requests Nos. 1–14 in Exhibit A of Plaintiffs' Application for Judgment Debtor Exam (ECF No. 125-1).

   B. Defendant shall appear for a judgment debtor examination to furnish information to aid in enforcement of a money judgment by answering questions about his property, receivables, and assets on **August 4, 2022** at **9:30 a.m.** before Magistrate Judge Allison H. Goddard in **Courtroom 3B**.

   C. Plaintiffs are instructed to re-serve their debtor exam application (ECF No. 125), Exhibit A (ECF No. 125-1), and this Order on Defendant no later than **July 15, 2022**, and on Defendant's CJA counsel no later than **July 25, 2022**.

2. Defendant's Motion for Appointment of Counsel (ECF No. 127) is **GRANTED**.

   A. The Court **APPOINTS Jeremy Warren**, SBN 177900, of Warren &

Burstein, 501 West Broadway, Suite 240, San Diego, California 92101, (619) 234-4433, as CJA counsel for Defendant regarding his contempt proceedings and the related judgment debtor exam in this case.

        B.    CJA Counsel shall file, **no later than July 22, 2022**, a formal written Notice of Substitution of Attorney signed by both Defendant and his newly appointed counsel.

        C.    The Court further **DIRECTS** the Clerk of the Court to serve Mr. Warren with a copy of this Order at the address listed above upon filing.

3.    Defendant's Motion to Proceed IFP (ECF No. 126) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: July 5, 2022

                                        *Allison H. Goddard*
                                        Honorable Allison H. Goddard
                                        United States Magistrate Judge