UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM WEITSMAN; UPSTATE SHREDDING, LLC, a New York limited liability company; WEITSMAN SHREDDING, LLC, a New York limited liability company; and WEITSMAN RECYCLING, LLC, a New York limited liability company,<br><br>                              Plaintiffs,<br><br>v.<br><br>ROBERT ARTHUR LEVESQUE, III,<br>                              Defendant. | Case No.: 19-CV-461 JLS (AHG)<br><br>**ORDER: (1) APPROVING STIPULATION REGARDING JUDGMENT AND PROPOSED AMENDED PERMANENT INJUNCTION; (2) GRANTING AMENDED PERMANENT INJUNCTION; (3) DENYING WITHOUT PREJUDICE AS WITHDRAWN PLAINTIFFS' MOTION FOR CONTEMPT AND SUPPLEMENTS THERETO; AND (4) DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE**<br><br>(ECF Nos. 113, 123, 128, 137, 138 & 149) |

On November 20, 2020, the Court entered an Order and Judgment (ECF Nos. 109 & 110) in favor of Plaintiffs Adam Weitsman ("Weitsman"); Upstate Shredding LLC; Weitsman Shredding LLC; and Weitsman Recycling LLC (collectively, "Plaintiffs") and against Defendant Robert Arthur Levesque, III ("Defendant"), which included a permanent

injunction (the "Injunction"). Plaintiffs thereafter filed a motion for contempt sanctions, claiming that Defendant had violated the Injunction, as well as several supplements thereto. *See* ECF Nos. 113, 123, 128 & 137 (collectively, the "Contempt Motion"). Defendant also filed a motion to strike one of the supplements. *See* ECF No. 138 ("Mot. to Strike").

Following an October 20, 2022 Settlement Conference before Judge Allison H. Goddard, the Parties filed a Stipulation Regarding Judgment and Proposed Amended Permanent Injunction that stipulates to the entry of an Amended Permanent Injunction and the withdrawal of the Contempt Motion without prejudice to a renewed or new contempt motion based on alleged future violations. *See* ECF No. 149 ("Stip.").

The Court, having reviewed the Stipulation and other relevant pleadings and matters of record, finds that entry of the Amended Permanent Injunction is appropriate. In that regard, the Court finds that Plaintiffs are entitled to affirmative relief against Defendant, including the permanent injunctive relief specified below; that Plaintiffs have suffered and will continue to suffer irreparable injury if the requested relief is not granted; that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; that, considering the balance of hardships between Plaintiffs and Defendant, a remedy in equity is warranted; and that the public interest would not be disserved by entering the Amended Permanent Injunction.

In light of the foregoing, the Court **APPROVES** the Parties' Stipulation (ECF No. 149); **DENIES WITHOUT PREJUDICE AS WITHDRAWN** Plaintiffs' Contempt Motion (ECF Nos. 113, 123, 128 & 137); and **DENIES AS MOOT** Defendant's Motion to Strike (ECF No. 138). The Court accordingly **GRANTS** the Amended Permanent Injunction and **ORDERS AS FOLLOWS**:

    **I.**    **Defamatory Statements**

        A.    Defendant shall be permanently restrained and enjoined from publishing or causing the publishing, via the Internet or any other medium, any of the following false and defamatory statements (the "False Statements") about any of Plaintiffs:

1. Plaintiff is a "murderer";
2. Plaintiff conspired, assisted, helped, or aided in the murder of Michele Harris;
3. Plaintiff assisted, helped, or aided Calvin Harris or any other person in disposing of Michele Harris's body;
4. Plaintiff was paid money by Calvin Harris or any other person in connection with the murder or disappearance of Michele Harris;
5. Plaintiff assisted, helped, or aided Calvin Harris or any other person from being found guilty, convicted, arrested, detained, found liable, found responsible, and/or suspected of murdering Michele Harris;
6. Plaintiff's equipment was used to dispose of Michele Harris' body;
7. Plaintiff was involved in the disappearance of Michele Harris;
8. Plaintiff sold or sells illegal drugs;
9. Plaintiff is or has been involved with Joaquín "El Chapo" Guzmán;
10. Plaintiff engaged or engages in money laundering;
11. Plaintiff has raped one or more people;
12. Plaintiff is associated with Jeff Epstein or Harvey Weinstein;
13. Plaintiff is a pedophile;
14. Plaintiff is involved in human trafficking or prostitution;
15. Plaintiff was involved in the murder-suicide of Marc McKercher and Cynthia Lyons Pratt;
16. Plaintiff bribes or has bribed one or more government officials;
17. Plaintiff is or has been involved with covering up the death of Michael Burke;
18. Plaintiff has employed or employs mostly pedophiles;
19. Plaintiff fooled the Environmental Protection Agency by removing two feet of contaminated soil at the Jamestown Yard;

///

20. Plaintiff is associated with Bradford County District Attorney Chad Salsman;

21. Plaintiff is a predator who preys on young women;

22. Plaintiff is involved in a murder coverup; and

23. Plaintiff is involved in organized crime.

B. This injunction includes the publication of any videos, audio commentary, images, or pictures that depict or convey the message associated with any False Statement.

C. <u>Within fourteen (14) days</u> from the date of this Order, Defendant shall take all reasonable steps to remove from all websites, search engines, forums, blogs, lists, social media websites, and/or other forums of mass communication (collectively, "Forums") all False Statements pertaining to any Plaintiff that Defendant published or caused to be published on the Internet, including, but not limited to, False Statements published on Facebook.com, Instagram.com, and YouTube.com.

D. <u>Within fourteen (14) days</u> from the date of this Order, Defendant shall take all reasonable steps to remove from all Forums any references, including any partial references, to a False Statement, including, but not limited to, indexing URLs, index pages, subpages, inner pages, headers, headings, title tags, H1 tags, meta tags, deep links, navigation menus, footers, and search suggestions.

E. <u>Within fourteen (14) days</u> from the date of this Order, Defendant shall take all reasonable steps to remove from all Forums any images or photos of Weitsman and/or his family, including his wife and their children, that Defendant published or caused to be published.

F. Defendant shall be restrained and enjoined from posting on any Forum, or encouraging or soliciting others to post on any Forum, any False Statement, or any variation thereof, about any Plaintiff and/or any business entity related thereto, including Weitsman Shredding LLC; Weitsman Recycling LLC; Ben

Weitsman & Son Inc.; Ben Weitsman of Binghamton LLC; Ben Weitsman of Owego LLC; Ben Weitsman of Ithaca LLC; Ben Weitsman of Albany LLC; Ben Weitsman of Syracuse LLC; Ben Weitsman of Rochester LLC; Ben Weitsman of Jamestown LLC; Ben Weitsman of Brant LLC; Ben Weitsman of Allegany LLC; Ben Weitsman of Hornell LLC; Ben Weitsman of Scranton LLC; and Ben Weitsman of New Castle LLC (the business entities are referred to collectively as the "Weitsman Companies").

G. To the extent Defendant is unwilling or unable to remove False Statements from a social media platform or other Forum, including but not limited to Twitter, Facebook, Instagram, or YouTube, Plaintiffs may apply *ex parte* for an order requiring such social media platform or Forum to remove the False Statements. In addition, Plaintiffs may file a motion, upon notice to Defendant, for an order requiring such social media platform or Forum to permanently suspend the use of Defendant's account(s) in accordance with such social media platform or Forum's internal rules and policies or, alternatively, to turn over ownership of the account(s) to Plaintiffs' counsel.

## II. Contacting or Referring to Plaintiffs, Family, Friends, and Affiliates

A. Defendant is enjoined from publishing, either directly or through a third party at Defendant's behest, in any public matter whatsoever, any statement of any kind regarding Plaintiffs.

B. Defendant is enjoined from contacting, either directly or through a third party at Defendant's behest, in any public matter whatsoever, Adam Weitsman or his family members or social media friends.

C. Defendant is enjoined from contacting, either directly or through a third party at Defendant's behest, in any public matter whatsoever, the Weitsman Companies, including any officers or employees.

D. Defendant is enjoined from contacting charitable organizations that Plaintiff has donated to.

5

  E. Defendant is enjoined from publishing information about Plaintiff to Syracuse University.

  F. Defendant is enjoined from posting on any Forum, or encouraging or soliciting others to post on any Forum, any images or photos of Weitsman and/or his family, including his wife and their minor child.

### III. Consequences of Violation and Related Procedure

  A. In the event Defendant fails to comply with this Amended Permanent Injunction in any respect, Plaintiffs, or any of them, may renew the Contempt Motion or file a new motion, and, in such event, evidence in support of sanctions may include, but shall not be limited to, all evidence submitted in support of the previous Contempt Motion.

  B. Either prior to or concurrent with filing any renewed or new contempt motion, Plaintiffs must request a settlement conference with Magistrate Judge Allison H. Goddard or the then-assigned magistrate judge to be held prior to the hearing on the renewed or new contempt motion, and the parties agree to engage in good faith settlement negotiations to attempt to resolve any dispute regarding compliance with this injunction in advance of the hearing.

  C. To provide an expeditious means of obtaining relief, Plaintiffs, or any of them, may commence the process of seeking contempt sanctions via *ex parte* application with 72 hours' notice to Defendant.

  D. In the event the Court finds that this Amended Permanent Injunction has been materially violated, contempt sanctions will be imposed.

/ / /

/ / /

/ / /

/ / /

/ / /

      E.      The monetary judgment contained within the Court's prior Order (ECF 109) shall remain unimpacted by this Amended Permanent Injunction.

**IT IS SO ORDERED.**

Dated: October 24, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge