UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM WEITSMAN; UPSTATE SHREDDING, LLC, a New York limited liability company; WEITSMAN SHREDDING, LLC, a New York limited liability company; and WEITSMAN RECYCLING, LLC, a New York limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT ARTHUR LEVESQUE, III,<br><br>Defendant. | Case No.: 19-CV-461 JLS (AHG)<br><br>**ORDER GRANTING PLAINTIFFS' ATTORNEY'S MOTION TO WITHDRAW AS ATTORNEY**<br><br>(ECF No. 178) |

Presently before the Court is Plaintiffs' attorney Richard S. Hartunian's Motion to Withdraw as Plaintiffs' Counsel ("Mot.," ECF No. 178). Mr. Hartunian states that as of April 11, 2025, he is no longer affiliated with Manatt, Phelps & Phillips, LLP ("Manatt"), the law firm representing Plaintiffs Adam Weitsman; Upstate Shredding, LLC; Weitsman Shredding, LLC; and Weitsman Recycling, LLC. Mot. at 2. Mr. Hartunian further explains that Donald Brown and Misa Eiritz from Manatt will continue to serve as counsel of record for Plaintiffs. *Id.*

"An attorney may not withdraw as counsel except by leave of court." *Lopez v. Glob.*

*Bus. Consultants.*, No. 20-cv-1281-AJB (LL), 2021 WL 148064, at *1 (S.D. Cal Jan. 15, 2021) (citing *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992)). A motion for leave to withdraw as counsel must be supported by a showing of "good cause." *Lopez*, 2021 WL 148064, at *1. Courts consider the following when determining whether good cause exists: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.* (citation omitted). Finally, Civil Local Rule 83.3(f)(3) requires that the motion to withdraw as counsel be served on the opposing party and on the moving attorney's client, and that a declaration regarding such service be filed with the motion.

The Court finds good cause exists for Mr. Hartunian's withdrawal and that his withdrawal presents no prejudice to other litigants or risk of harm to the administration of justice. Even after Mr. Hartunian's departure from Manatt, Plaintiff will continue to be represented by two other attorneys of record at Manatt. Additionally, Mr. Hartunian has demonstrated compliance with Civil Local Rule 83.3(f)(3). In his Declaration, he states that Plaintiffs and Defendant have been served with the Motion to Withdraw and Declaration. *See* ECF No. 178-1 ¶ 4.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Good cause appearing, Mr. Hartunian's Motion to Withdraw as counsel for Plaintiffs (ECF No. 178) is **GRANTED**.
2. Manatt shall serve a copy of this Order on Plaintiffs within fourteen (14) days of the date of this Order.
3. The Clerk of Court **SHALL** update the docket to reflect the withdrawal of Mr. Hartunian as counsel for Plaintiffs in this case.

**IT IS SO ORDERED.**

Dated: May 5, 2025

Hon. Janis L. Sammartino
United States District Judge